IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOCAL 22 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22 AND NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, Nebraska, Chapter Health and Welfare Plan, IBEW LOCAL 22/NECA PENSION PLAN A, IBEW LOCAL 22/NECA DEFINED CONTRIBUTION PLAN B, OMAHA BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 22 VACTION-HOLIDAY TRUST FUND,  and RONALD L. MILLER, in his representative capacity as a fiduciary of the Plaintiff Funds, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 8:06CV550<br><br>ORDER |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| JUBILEE PARTNERS, LLC, d/b/a VISION CONTRACTING, and TELSTAR ELECTRIC COMPANY INC., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Michael T. Mortensen and Soren S. Jensen to withdraw as counsel for the defendants (Filing No. 43).  Moving counsel request leave to withdraw.  Counsel states the defendants have not been in business for more than six weeks and counsel has been advised of the cessation of operations of both companies. Counsel state they not been able to advise the defendants or their principals regarding this matter and therefore are unable to represent the defendants.

The court notes no substitute counsel has yet appeared in this matter for the defendants.  The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." **Ackra Direct Mktg. Corp. v. Fingerhut Corp.**, 86 F.3d 852, 857 (8th Cir.

1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel").  In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct*, 86 F.3d at 857.  Under the circumstances, the court concludes counsel shall not be given leave to withdraw as attorneys for the defendants until substitute counsel has entered an appearance or other order of the court.  The defendants shall have an opportunity to obtain substitute counsel.  Furthermore, under the circumstances a continuance of the pretrial conference date is warranted.  Accordingly,

**IT IS ORDERED:**

1. Michael T. Mortensen and Soren S. Jensen's motion to withdraw as counsel for the defendants (Filing No. 43) is held in abeyance until March 31, 2008.

2. The defendants shall have substitute counsel enter an appearance on their behalf **on or before March 31, 2008.**  If the defendants fail to have substitute counsel enter an appearance by that date the court may strike the answer of the defendants and enter default, pursuant to Fed. R. Civ. P. 37(b)(2)(C).

3. Moving counsel shall immediately serve a copy of this order on the defendants and file a certificate of service therefore.

4. The pretrial conference scheduled for March 24, 2008, is cancelled and will be rescheduled after resolution of the pending motion.

DATED this 29th day of February, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge