## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOCAL 22 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 22 AND NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, Nebraska, Chapter Health and Welfare Plan, IBEW LOCAL 22/NECA PENSION PLAN A, IBEW LOCAL 22/NECA DEFINED CONTRIBUTION PLAN B, OMAHA BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 22 VACTION-HOLIDAY TRUST FUND,  and RONALD L. MILLER, in his representative capacity as a fiduciary of the Plaintiff Funds, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) | 8:06CV550 |
| | ) | |
| v. | ) | |
| | ) | |
| JUBILEE PARTNERS, LLC, d/b/a VISION CONTRACTING, and TELSTAR ELECTRIC COMPANY INC., | ) ) ) | ORDER |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the motion of Michael T. Mortensen and Soren S. Jensen to withdraw as counsel for the defendants (Filing No. 43).  Moving counsel request leave to withdraw.  Counsel states the defendants have not been in business for more than six weeks and counsel has been advised of the cessation of operations of both companies. Counsel state they not been able to advise the defendants or their principals regarding this matter and therefore are unable to represent the defendants.  On February 29, 2008, the court entered an order holding the motion to withdraw in abeyance, allowing the defendants an opportunity to obtain substitute counsel.  **See** Filing No. 45.  On March 24, 2008,

counsel for the defendants informed the court the defendants will not obtain substitute counsel.  **See** Filing No. 48.

The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*."  ***Ackra Direct Mktg. Corp. v. Fingerhut Corp.***, 86 F.3d 852, 857 (8th Cir. 1996); **see also *United States v. Van Stelton***, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); ***Carr Enters., Inc. v. United States***, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel").  Under Fed. R. Civ. P. 55(a), the court may hold a party in default for failure to defend the action.  In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  ***Ackra Direct***, 86 F.3d at 857.

Under the circumstances, the court concludes good cause exists for counsel to withdraw as attorneys for the defendants.  **See** NEGenR 1.3(f).  The defendants had an opportunity to obtain substitute counsel and have opted not to do so.  Upon consideration,

**IT IS ORDERED:**

1.      Michael T. Mortensen and Soren S. Jensen's motion to withdraw as counsel for the defendants (Filing No. 43) is granted.

2.      Since the defendants failed to have substitute counsel enter an appearance, the Clerk of Court shall strike the answers of the defendants and enter default against them.  The entry of default will be set aside, upon written motion, if substitute counsel enters a written appearance on behalf of the defendants prior to entry of default judgment.

3.      Moving counsel shall immediately serve a copy of this order on the defendants and file a certificate of service therefore.

DATED this 24th day of March, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge