IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOCAL 22 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:06CV550 |
| v. | ) ) | |
| JUBILEE PARTNERS, LLC, d/b/a VISION CONTRACTING, and TELSTAR ELECTRIC COMPANY INC., | ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion for Leave of Court to Conduct Depositions of Larry Lange and Steve Heinke and Suggestions in Support (Filing No. 56).[1] The plaintiff served the motion on Larry Lange and Steve Heinke. No opposition to the motion was filed.

On May 21, 2008, the court entered default judgment against the defendants, Jubilee Partners, LLC d/b/a Vision Contracting (Vision) and Telstar Electric Company, Inc. (Telstar). **See** Filing No. 55. In the judgment, the court found that Vision and Telstar are alter ego entities. *Id.* The plaintiffs now seek leave to depose the principals of Vision and Telstar to discover information relevant to the execution of the judgment. Larry Lange and Steve Heinke are the principals of Vision and Telstar. Although the plaintiffs have previously taken the depositions of Larry Lange and Steve Heinke, the depositions were over one year ago and did not relate to the execution of judgment.

Federal Rule of Civil Procedure 69(a)(2) provides: "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

court is located."  The plaintiffs further seek leave pursuant to Rule 30, regarding oral depositions, and Rule 34, regarding production of documents.  Under these rules, the plaintiffs have the right to conduct reasonable post-judgment discovery and to inquire into the defendants' assets.  See *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430 (8th Cir. 1998).  "A party may depose almost anyone, including corporations, who may provide relevant information." *Id.*  It is reasonable to seek discovery about the defendants from current or former corporate officers or others with a close relationship.  *Id.*  Accordingly, the plaintiffs' motion should be granted with regard to Larry Lange and Steve Heinke, in their capacities as corporate officers.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Leave of Court to Conduct Depositions of Larry Lange and Steve Heinke and Suggestions in Support (Filing No. 56) is granted to the extent the plaintiffs seek discovery from the individuals in their capacities as corporate officers.

2. The Clerk of Court shall mail a copy of this order to the prospective deponents Larry Lange and Steve Heinke at:

> Larry Lange  
> 6505 South 89th Circle  
> Omaha, NE 68127
>
> Steve Heinke  
> 1511 North 162nd Street  
> Omaha, NE 68118

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 19th day of June, 2008.

> BY THE COURT:
>
> s/ Thomas D. Thalken  
> United States Magistrate Judge